EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

**FILED**
Superior Court of California
County of Los Angeles

DEC 03 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Rita Nazarvan

# SUPERIOR COURT OF CALIFORNIA
# LOS ANGELES COUNTY – CIVIL COMPLEX

Scott Dormer, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

Toyota North America, Inc.,

Defendant.

Case No.: **20STCV46318**

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

1. **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.;***

2. **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.;***

3. **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, ET SEQ.;**

4. **NEGLIGENT MISREPRESENTATION; AND**

5. **INTENTIONAL MISREPRESENTATION**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT                                    *Dormer v. Toyota North America, Inc.*

## INTRODUCTION

1.     Plaintiff, Scott Dormer ("Mr. Dormer") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, Toyota North America, Inc. ("Toyota" or "Defendant") with regard to Defendant's false and misleading promotion of its Entune Premium JBL Audio system ("Product"). Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled product.

2.     Defendant misleadingly promotes its Entune Premium JBL Audio as containing 11 speakers in Defendant's 2018 Rav4, when in reality there are only seven speaker locations throughout the car.

3.     Defendant also falsely represents that its more expensive Entune Premium JBL Audio package containing JBL GreenEdge speakers are of a more premium quality, when in reality, shortly after Plaintiff's purchase of the vehicle, Toyota downloaded a firmware update to the vehicle or made some other changes to the vehicle sound system without Mr. Dormer's knowledge or consent, which severely decreased the sound coming out of the front door and rear passenger door speakers and the subwoofer, essentially muting them.

4.     Consequently, several of Defendant's advertised claims are false and misleading.

5.     Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

6.     Defendant's nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.;* (4) negligent misrepresentation; and (5) intentional misrepresentation.

7.     This conduct caused Plaintiff and others similarly situated damages and requires restitution and injunctive relief to remedy and prevent further harm.

8.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

### JURISDICTION AND VENUE

9.     Venue is proper in the Superior Court of California in the County of Los Angeles for the following reasons: (i) Plaintiff resides in Marina del Rey, California, which is within this County; (ii) the conduct complained of herein occurred within this County; and, (iii) many of the acts and transactions giving rise to this action occurred within this County because Defendant:

(a)    is authorized to conduct business in this County and has intentionally availed itself of the laws and markets within this County;

(b)    does substantial business within this County.

### PARTIES

10.    Mr. Dormer is a natural person residing in Marina del Rey, Los Angeles County, California.

11.    Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of California, with its principal place of business in Plano, Texas.

### NATURE OF THE CASE

12.    Toyota manufacturers and sells automobiles throughout the United States through franchisee dealerships.

13.    Toyota's vehicles' speaker system contains three general parts. First there is the head unit, which controls the entire system and generates the audio signal.

2

14.     Next there is the amplifier that increases the strength of the audio signal so that it can drive the third component, the speakers that produce the sound.

15.     Toyota periodically updates the firmware that is within the head unit and/or the amplifier, which affects the operation of the system.

16.     Toyota's Rav4 base models comes with six speakers within the car. However, for a price, the consumer can upgrade to a Premium JBL sound system.

17.     Toyota claims that this upgrade provides the consumer with more speakers so that there will be "11 JBL GreenEdge speakers including subwoofer", which is misleading because the system contains the same six speakers location and an additional subwoofer. Instead of four new speaker locations as expected, Toyota just transforms four speakers into coaxial speakers, meaning it is two speakers compressed into one unit.

18.     Toyota advertises that this upgraded system, "delivers cleaner, crisper and more dynamic sound behind the wheel."[1]

19.     Toyota also claims the upgraded system will allow, "[e]ach passenger [to] experience music the way the artist intended them to."

20.     Toyota also directs consumers to JBL's website where consumers are are also told that "[e]very detail of the JBL sound system is precisely tuned to the interior of each Toyota model. The result is a sound system which perfectly matches the design and individual nature of your Toyota."

21.     However, despite claiming that it has speakers that are clear and crisp, since 2013, Toyota has been having issues with the JBL Premium speakers.[2] Toyota periodically releases firmware updates to help make the sound crisper. However, although each update attempts to fix one issue, it often times creates another.

---

[1] https://www.toyota.com/audio-multimedia/?sd_xdinfo=TOYOTA%7CDEALERON
%7C25064%7C84896d88-79b6-4a07-92a4-82a6352fa98d%7C9466c5e1-25b8-4693-8cfc-
9cddb6fcfb17%7C1604622570111%7C152fc0ae-4375-4b9b-83b8-a013cecb10dd%7Ctoyota
%7CT3#!/about/jbl
[2] https://www.tundratalk.net/threads/2014-jbl-sound-system-issues.279298/

CLASS ACTION COMPLAINT                                                      *Dormer v. Toyota*

22.     Most recently, Toyota uploaded a new firmware that made the bass attenuated to keep it from being blown out. As a consequence, this new firmware has muted the subwoofer and the speakers in the front and rear doors.

23.     Consumers all around the country have brought their vehicles into Toyota dealership, only to have Toyota tell the consumer that the speaker system is working perfectly normal under factory specifications.

24.     Defendant knew, or should have known, that its firmware was going to mute and substantially inferior with consumer's use of the system.

25.     Despite promising consumers a superior sound system, Defendant provides consumers with a sound system that is muted in half of the car.

### FACTUAL ALLEGATIONS

26.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     On or about December 13, 2017, Plaintiff purchased a 2018 Rav4 SE Hybrid with the Advanced Technology Package. The Advanced Technology Package added a total of $2,785 to the overall purchase price.

28.     Before purchasing the vehicle, Plaintiff reviewed Defendant's website and Defendant's advertising materials which all state that the JBL Premium system contains "11 JBL GreenEdge speakers including subwoofer" and the system "delivers cleaner, crisper and more dynamic sound behind the wheel."

29.     When Plaintiff first purchased his vehicle, the sound system sounded very good. However, in the beginning of this year, Plaintiff did not hear any sound coming from the speakers in the front doors and rear passenger doors, as well as the subwoofer located in the rear cargo area.   Even after adjusting the system, nothing could be heard out of these speakers, which prompted Mr. Dormer  to take the vehicle into the Marina del Rey Toyota dealership to be looked at.

30.     In examining the speakers, Plaintiff realized that there were only 7 separate speaker locations in the car, not 11 as previously advertised. Two were

1    located in the dash, two were in the front doors, two were in the rear doors, and a

2    subwoofer was in the rear cargo area.

3        31.    On August 19, 2020, Plaintiff picked up his car at the dealership, and

4    despite the fact that no sound was heard coming from any speakers other than the

5    dash speakers, Toyota insisted that the "speakers were working at factory specs no

6    problem found". This finding was illogical because no appreciable sound was

7    coming from the front or rear door speakers or cargo subwoofer.

8        32.    At the time Plaintiff purchased Defendant's upgraded speakers,

9    Plaintiff believed and relied upon Defendant's representations that the speakers

10   would be of superior quality.

11       33.    Plaintiff reasonably believed that Defendant's Advanced Technology

12   Package would provide him with five additional speakers in five separate locations

13   throughout the car as well as a premium sound throughout the vehicle cabin.

14       34.    Plaintiff suffers ongoing damages because Defendant refuses to fix

15   Plaintiff's vehicle, and refuses to acknowledge that there is a defect within the

16   speaker system.

17       35.    All of the vehicles purchased are surround by identical or substantially

18   similar representations regarding the nature of the speakers within the Advanced

19   Technology Package.

20       36.    Defendant knew, or in the exercise of reasonable care, should have

21   known that it could not provide a full refund to all its consumers, thus Defendant

22   knew, or should have known, that its advertising materials were misleading or false.

23       37.    As a consequence of Defendant's unfair and deceptive advertising and

24   manufacturing practices, Plaintiff and other consumers similarly situated purchased

25   and overpaid for Defendant's Advanced Technology Package under the false

26   impression that there would be five additional speakers in five additional locations

27   throughout the car and that these speakers would deliver "cleaner, crisper and more

28   dynamic sound."

5

CLASS ACTION COMPLAINT

38. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Advanced Technology Package under the misrepresentations that that there would be five additional speakers in five additional locations throughout the car and that these speakers would deliver "cleaner, crisper and more dynamic sound."

39. If Plaintiff had been aware that four of the additional speakers were merely coaxial add-ons and that Defendant would mute the back speakers and subwoofer using a subsequent firmware update, Plaintiff would have paid less for the Advance Technology Package, or would have purchased a different vehicle. In other words, Plaintiff would not have purchased the Advance Technology Package but for the representations on the Defendant's website and advertising materials.

40. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's website.

41. As a result of Defendant's false and misleading statements, Plaintiff and other similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of Advance Technology Packages, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

42. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## CLASS ACTION ALLEGATIONS

43. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff brings this action individually and on behalf of all others similarly situated in California against Defendant, pursuant to California Code of Civil Procedure Section 382.

45. Plaintiff represents, and is a member of the class ("the Class"), consisting of:

> All persons within the State of California who purchased an Advanced Technology Package from Defendant within the four years prior to the filing of the Complaint.

46.     Excluded from the Class are Defendant and any of its officers, directors, and employees and the judge to which this case is assigned and the judge's staff.

47.     Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

48.     The "Class Period" means four years prior to the filing of the Complaint in this action.

49.     Ascertainability. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are several hundred, if not more, members of the Class within the State of California.

50.     Upon information and belief, Defendant and Defendant's distributors keep detailed and accurate records of purchasers of the Advance Technology Package. Therefore, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

51.     Numerosity. The members of the Class are so numerous and geographically disbursed throughout the state of California that joinder of all Class members is impractical, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

52.     Existence and Predominance of Common Questions of Law and Fact. There is a well-defined community of interest in the questions of law and fact involved and affecting the parties to be represented. Common questions of law and fact exist in this matter, which predominate over questions that may affect individual Class members, including but not limited to the following:

7

*Dormer v. Toyota*

a. whether Defendant committed the wrongful conduct alleged herein;

b. whether Defendant's Advance Technology Package did not perform as advertised;

c. whether Defendant's claim that the Advance Technology Package has five more speakers is misleading when four of the speakers are merely coaxial speakers;

d. whether Defendant installed a firmware update that inhibited the speakers performance;

e. whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

f. whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and,

g. whether the members of the Class are entitled to injunctive and/or any other equitable relief.

53.   Typicality. As persons who purchased the Advance Technology Package, which was advertised, among other things, that the speaker system "delivers cleaner, crisper and more dynamic sound behind the wheel" and that the system has five more speakers, Plaintiff is asserting claims that are typical of the Class.

54.   Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims.

55.   Plaintiff and members of the Class also sustained damages arising out of the common course of conduct complained of herein.

56.   Adequacy of Representation. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained

1  counsel experienced in handling class action claims, claims involving violations of

2  the consumer laws, and specifically violations of the California Business and

3  Professions Code.

4      57.   <u>Superiority</u>. A class action is superior to all other available means for

5  the fair and efficient adjudication of this controversy.

6      58.   Individualized litigation would create the danger of inconsistent and/or

7  contradictory judgments arising from the same set of facts.

8      59.   Individualized litigation would also increase the delay and expense to

9  all parties and court system and the issues raised by this action.

10     60.   The damages or other financial detriment suffered by individual Class

11 members may be relatively small compared to the burden and expense that would

12 be entailed by individual litigation of the claims against the Defendant.

13     61.   The injury suffered by each individual member of the proposed class is

14 relatively small in comparison to the burden and expense of individual prosecution

15 of the complex and extensive litigation necessitated by Defendant's conduct.

16     62.   Even if the members of the proposed Class could afford such litigation,

17 the court system could not.

18     63.   Individualized litigation increases the delay and expense to all parties,

19 and to the court system, presented by the complex legal and factual issues of the

20 case.

21     64.   By contrast, the class action device presents far fewer management

22 difficulties, and provides the benefits of single adjudication, economy of scale, and

23 comprehensive supervision by a single court.

24     65.   Plaintiff anticipates providing notice to the Class Members by direct

25 mail notice, publication and other reasonable means.

26 Unless the Class is certified, Defendant will retain monies received as a result of the

27 unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is

28 issued, Defendant will also likely continue to, or allow its resellers to advertise,

1   market and promote the Advance Technology Package in an unlawful and

2   misleading manner, and members of the Class will continue to be misled, harmed,

3   and denied their rights under California law.

4      66.   Defendant has acted or refused to act on grounds that are generally

5   applicable to the Class so that declaratory and injunctive relief is appropriate to the

6   Class as a whole, making class certification appropriate pursuant to California Code

7   of Civil Procedure § 382.

8      67.   Class as a whole, making class certification appropriate pursuant to

9   Fed. R. Civ. P. 23.

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ.***

13     68.   Plaintiff re-alleges and incorporates by reference all of the above

14   paragraphs of this Complaint as though fully stated herein.

15     69.   California Civil Code Section 1750, *et seq.,* entitled the Consumers

16   Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive"

17   practices in a "transaction" relating to the sale of "goods" or "services" to a

18   "consumer."   The Legislature's intent in promulgating the CLRA is expressed in

19   Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying
> purposes, which are to protect consumers against unfair
> and deceptive business practices and to provide efficient
> and economical procedures to secure such protection.

23     70.   Defendant's Product constitutes a "good" as defined pursuant to Civil

24   Code Section 1761(a).

25     71.   Plaintiff and the putative Class members are each a "consumer" as

26   defined pursuant to Civil Code Section 1761(d).

27

28

CLASS ACTION COMPLAINT                              *Dormer v. Toyota*

72. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

73. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have …;
>
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade … if they are of another; [and]
>
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

74. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing the Advance Technology Package "delivers cleaner, crisper and more dynamic sound behind the wheel" and has five more speakers than the original speaker package.

75. In reality, Defendant has purposefully sent a firmware that mutes the subwoofer and several other speakers, thus making the system defective. Similarly, four of the additional speakers are really coaxial speakers compressed into four of the speakers in the doors, thus making its statement regarding the number of speakers very misleading.

76. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts

11

*Dormer v. Toyota*

1    knowing the harm that would result to Plaintiff and Defendant engaged in such

2    unfair and deceptive conduct notwithstanding such knowledge.

3        77.    Plaintiff suffered an "injury in fact" because Plaintiff's money was

4    taken by Defendant as a result of Defendant's false and misleading representations

5    set forth on Defendant's website and other advertising mediums as explained above.

6        78.    As a direct and proximate result of Defendant's violations of the

7    CLRA, Plaintiff and members of the putative Class are entitled to a declaration that

8    Defendant violated the Consumer Legal Remedies Act.

9        79.    As of the filing of this Complaint, Defendant has not complied with

10   Plaintiff' demand letters pursuant to California Civil Code § 1782, which mailed via

11   certified mail to Defendant on or about October 5, 2020.

12       80.    Attached hereto as Exhibit A is the affidavit of Mr. Dormer pursuant to

13   Cal. Civ. Code § 1780(d).

14       81.    Plaintiff and the putative Class are also entitled to, and seek, injunctive

15   relief prohibiting such conduct in the future and to recover money damages.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

18
19       82.    Plaintiff re-alleges and incorporates by reference all of the above

     paragraphs of this Complaint as though fully stated herein.
20
21       83.    Plaintiff and Defendant are both "person[s]" as defined by California

     Business & Professions Code § 17506.
22
23       84.    California Business & Professions Code § 17535 authorizes a private

     right of action on both an individual and representative basis.
24
25       85.    Defendant states that its Product is premium speakers that "deliver[]

26   cleaner, crisper and more dynamic sound behind the wheel" and comes with five

     additional speakers, when, in fact, the Product was muted by a firmware update after
27
     purchase, and four of the five additional speakers were merely coaxial speakers.
28

86.     These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

87.     At all times relevant, Defendant's advertising and promotion of its Product was, and is, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members through the above described representations.

88.     Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, did not have the properties that Defendant alleged the Product had.

89.     Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

90.     Had Defendant truthfully advertised that its Product would be muted after purchase and that four of the additional speakers are coaxial speakers, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different speaker system from another manufacturer.

91.     This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

92.     As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

//

//

//

*Dormer v. Toyota*

**THIRD CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**BUS. & PROF. CODE §§ 17200, *ET SEQ.***

93.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.     Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

95.     "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

96.     By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

97.     Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.,* by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.,* as alleged herein.

98.   Defendant violated the above-referenced statutes by falsely and misleadingly representing that its Product is premium speakers that "deliver[] cleaner, crisper and more dynamic sound behind the wheel" and comes with five additional speakers, when, in fact, the Product was muted by a firmware update after purchase, and four of the five additional speakers were merely coaxial speakers.

99.   By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

100.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

101.   Had Plaintiff and the putative class members been informed that Defendant's Product would be muted by a firmware update after purchase, and four of the five additional speakers were merely coaxial speakers, they would not have purchased the Product, would have paid less for it, or would have purchased a different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

### C. "FRAUDULENT" PRONG

102.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.,* by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.,* by falsely and misleadingly advertising its Product as being premium speakers that "deliver[] cleaner, crisper

*Dormer v. Toyota*

1  and more dynamic sound behind the wheel" and comes with five additional
2  speakers, when, in fact, that is not true as described above.

3      103.   Plaintiff reserves the right to allege further conduct that constitutes
4  other fraudulent business acts or practices. Such conduct is ongoing and continues
5  to this date.

6  **D.  "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG**

7  Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the
8  meaning of Bus. & Prof. Code §§ 17200, *et seq.,* in that consumers are led to believe
9  that Defendant's Product was premium speakers that "deliver[] cleaner, crisper and
10 more dynamic sound behind the wheel" and comes with five additional speakers,
11 when, in fact, the Product was muted by a firmware update after purchase, and four
12 of the five additional speakers were merely coaxial speakers.

13     104.   Plaintiff and other such reasonable consumers are likely to be, and
14 were, deceived and misled by Defendant's advertising of its Product.

15     105.   As a direct and proximate result of Defendant's unlawful, unfair, and
16 fraudulent conduct described herein, Defendant received and continues to receive an
17 unfair competitive advantage and unearned commercial benefits at the expense of
18 its competitors and the public, who unwittingly provided money to Defendant based
19 on Defendant's misleading representations.

20     106.   Plaintiff and the putative Class members suffered an injury in fact
21 because Plaintiff's money was taken by Defendant as a result of Defendant's false
22 representations as set forth on Defendant's website and other advertising materials
23 as explained above.

24     107.   Such acts and omissions by Defendant are unlawful and/or unfair
25 and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff
26 reserves the right to identify additional violations by Defendant as may be
27 established through discovery.

28

108.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

109.   Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

110.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through its website and other advertising materials, that Defendant's Product is premium speakers that "deliver[] cleaner, crisper and more dynamic sound behind the wheel" and comes with five additional speakers, when, in fact, the Product was muted by a firmware update after purchase, and four of the five additional speakers were merely coaxial speakers.

111.   Defendant made these representations knowing, or having reason to know, that they are false and misleading.

112.   Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Products.

113.   Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

114.   At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

115.   As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

116.   Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

117.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through its website and other advertising materials as detailed above, that Defendant's Product is premium speakers that "deliver[] cleaner, crisper and more dynamic sound behind the wheel" and comes with five additional speakers.

118.   Defendant acted intentionally by willfully and purposefully printing specific advertising materials on the Product's label.

119.   However, as described above, the Product does not have the advertised benefits.

120.   Defendant knew or had reason to know such representations were false, and continued advertise its Product in a false or misleading way.

121.   Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

122.   As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

123.   Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

        i.   The "who" is Defendant;

        ii.   The "what" is the representation that Defendant's Product is premium speakers that "deliver[] cleaner, crisper and more

KAZEROUNI
LAW GROUP, APC

1  dynamic sound behind the wheel" and comes with five additional
2  speakers;

   iii.  The "when" is the date Plaintiff purchased the Product and the date
4  Defendant uploaded firmware that interfered with the speaker's
5  output, and the Class Period of four years prior to the filing of this
6  Complaint;

   iv.  The "where" is in Defendant's website and other advertising
8  materials as described above; and

   v.  The "how" is the allegation that the Product was muted by a
10  firmware update after purchase, and four of the five additional
11  speakers were merely coaxial speakers.

124.  By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representative;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act

*Dormer v. Toyota*

or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

- punitive damages pursuant to Cal. Civ. Code § 3294; and

- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

125.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Date: December 1, 2020

**KAZEROUNI LAW GROUP, APC**

By: _____

Abbas Kazerounian, Esq.
*Attorneys for Plaintiff*

# EXHIBIT A

1

## **DECLARATION OF SCOTT DORMER**

2

**I, SCOTT DORMER, declare:**

3

4      1. On or about December 13, 2017, I purchased Toyota's 2018 Rav4 SE
Hybrid with an Advanced Technology Package ("Product").

5

6      2. At the time of purchase and review of the product, I was in Los Angeles
County, where I also reside.

7

8

9     I declare under penalty of perjury under the laws of California and the
United States of America that the foregoing is true and correct, and that this

10 declaration was executed on  12-1-2020  .

11

12                              By:_____

13                                    Scott Dormer

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration Pursuant To Cal. Civ. Code §1780(d)